STAPLES & HANFORD CO. v. LORD.

LORD v. STAPLES & HANFORD CO.

(Circuit Court of Appeals, First Circuit. March 9, 1906.)

Nos. 624, 629.

APPEAL—RECORD—MATTERS TO BE SHOWN—INJUNCTION—AFFIDAVITS USED ON MOTION.

> Where, on the hearing of a petition for injunction against infringement, affidavits used on a prior hearing are referred to and used, they should, under the circumstances of this case, be incorporated in the record on an appeal.

Appeals from the Circuit Court of the United States for the District of Massachusetts.

Frederic P. Warfield and Holland S. Duell, for complainant.

Fred L. Chappell, Chappell & Earl, and Roberts & Mitchell, for defendant.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. Charles H. Lord has filed a suggestion of a diminution of the records in the appeal by him against the Staples & Hanford Company and the cross-appeal of the Staples & Hanford Company against him, and with it his petition for a writ of certiorari in reference thereto. The suit in the Circuit Court was a bill in equity in behalf of the Staples & Hanford Company against Charles H. Lord, alleging infringement of letters patent for an invention. In that case an opinion favorable to the complainant was passed down on March 25, 1905, holding that Lord was an infringer and directing an injunction and an account. Thereafterwards, on May 9, 1905, Lord filed a petition for a rehearing and for an order to reopen the case, and in connection with that certain affidavits; but, on full consideration, that petition was denied on May 11th. Thereafterwards, on May 24, 1905, an interlocutory decree in favor of the complainant was entered. Subsequently thereto, on August 19, 1905, the Staples & Hanford Company filed its petition for an injunction against Lord, with reference to the manufacture and sale of an article which Lord claimed was not covered by the interlocutory decree; and on the hearing of that petition the court decided in favor of the defendant, and the complainant appealed.

In the present petition Lord alleges that he served notice that, on the hearing of the petition filed on August 19th, he would refer to the affidavits used in connection with the petition for a rehearing and to reopen the case, and that, at the hearing of the petition of August 19th, he referred to the entire record, including such affidavits. Of course, if this allegation is true, and these affidavits were submitted to the court on the petition of August 19th, and the court allowed them to be submitted, they should be made a part of the record on the cross-appeal. The petition for certiorari has not been answered; and, as it is better for the court to have at the outset a record too full than one

which does not present the entire case, we deem it advisable to allow the writ to issue. Probably, in view of our conclusions, the parties will supply the alleged diminution without the necessity of the formal issue of a writ.

The petition for a writ of certiorari filed by Charles H. Lord on February 23, 1906, is allowed, and the writ will issue accordingly.